# Gardner's Appeal.

If the plaintiff in a judgment become the bail of the defendant in a subsequent judgment to entitle him to a stay of execution, he does not thereby postpone the lien of his own judgment to the subsequent one, nor is he thereby prevented from assigning his judgment to another, with all its right to priority.

APPEAL from the decree of the Common Pleas of *Perry* county, appropriating the proceeds of the sale of the real estate of Andrew Welch.

On the 4th August 1841, Roset & Bicking obtained a judgment against Andrew Welch for $206.69. On the 12th February 1842, the same was assigned on the record to James Welch, who paid the money to the plaintiff. On the 21st November 1842, James Welch assigned the judgment for a valuable consideration to B. F. Gardner, who now claimed the fund in court.

On the 3d November 1841, E. A. Hoskins obtained a judgment against Andrew Welch for $419.62. On the 20th November 1841, James Welch entered into a recognizance of bail with the defendant according to the Act of Assembly for a stay of. execution to the 1st May 1842, and to August term 1842 a *scire facias* was issued upon this recognizance against James Welch, which was pending.

The court below was of opinion that on the 1st May 1842 James Welch became absolutely liable to Hoskins for the amount of his judgment, by the terms of his recognizance; and being thus liable, he could not take the money out of court on his own judgment, and that his assignee was in no better situation, and therefore decreed that the money should be paid to E. A. Hoskins, on his judgment: from which decree B. F. Gardner appealed.

*Graham* and *Watts*, for appellant, cited 9 *Serg. & Rawle* 137.
*Devor*, for appellee, cited 8 *Watts* 39; 2 *Penn. Rep.* 298.

The opinion of the Court was delivered by

KENNEDY, J.—The court below appear to have taken up the idea that it was not in the power of James Welch, after he became bail for Andrew Welch, in the judgment rendered against the latter in favour of E. A. Hoskins, to dispose of or assign any claim which he then had or should thereafter acquire, to money for which a judgment existed or had been obtained in that court, at least, where he had become bail for the payment of the judgment in favour of E. A. Hoskins against Andrew Welch; and accordingly decreed in favour of E. A. Hoskins, that he should receive towards payment of his judgment against Andrew Welch, the moneys applicable to the elder judgment against the same, which James Welch had acquired a right to by assignment from Roset & Bicking, the plaintiffs on record, some three months, nearly, after that he had become bail for the payment of the judgment in favour of E. A. Hoskins, and passed away *bonâ fide*, for aught that appears to the contrary, for a valuable consideration to B. F. Gardner, the appellant, while a suit was pending against him by Hoskins on his recognizance as bail. The assignment of the judgment by Roset & Bicking to James Welch, had no connection with or relation whatever to his being or having become bail for the payment of the judgment in favour of Hoskins. Had he obtained it as a security to indemnify himself against the payment of the judgment in favour of Hoskins, then Hoskins would have been

entitled to the benefit of it, upon the established principle that, in equity, the creditor is entitled to the benefit of all the securities which the surety has gotten from the principal debtor, for the purpose of indemnifying himself against the payment of the debt. *Maure* v. *Harrison,* 1 *Eq. Ca. Ab.* 93. Upon this ground, and by the application of this principle, the cases of *Erb's Appeal,* 2 *Penn. Rep.* 296, and *Himes* v. *Barnitz,* were decided, as, I think, I have shown, in the *Appeal of William Moore and others,* in the matter of the distribution of the moneys raised from a judicial sale of John Moore's real estate, decided at the present term. The court below seem to have misapprehended the real ground of the decision in those cases. It cannot be pretended, for a moment, that Hoskins had, at any time, a lien or claim of any kind, either legal or equitable, to the judgment assigned by James Welch to B. F. Gardner, or to the moneys that might be collected or raised under it. It is impossible to conceive any ground upon which Hoskins could claim to have the benefit of it, at the time James Welch assigned it to B. F. Gardner. He certainly had no more ground or reason for claiming the benefit of it, than he had for claiming any other debt that might have been owing to James Welch at that time, which had no connection or concern whatever with the latter's having become bail to pay Hoskins the debt owing him by Andrew Welch. His claim against James Welch, as bail, was purely *personal,* and could not be extended to the *property* or *effects* of the latter before the former became entitled to have execution for it. Suppose James Welch had been insolvent, at the time he assigned the judgment in question to Gardner, and indebted to divers persons in various sums of money; and, instead of assigning it to Gardner, he had made an assignment of all his property and effects, including it, to trustees for the benefit of all his creditors; can it be imagined that his right to the judgment would not have passed the same as his right to every other part of the subject-matter of the assignment? Or can it be said that Hoskins would have had a right, notwithstanding, to claim the exclusive benefit of it? I confess that I am at a loss to conceive any ground upon which he could have laid the least shadow of claim to it, except as a creditor of James Welch under the general assignment made by him. It is really too plain to admit of the least doubt, that he could not. If such general assignment then would have entitled the creditors of James Welch generally to the benefit of it, no good reason can be assigned why his particular assignment of it to Gardner should not be completely available, and entitle Gardner to the full amount of the same. The decree of the court below is therefore reversed, and the money in court there due upon the judgment assigned to Gardner, ordered and decreed by this court to be paid to him; and the costs to be paid by E. A. Hoskins, the appellee.

　　　　　　　　　　　　　　　　　　　Decree reversed.